UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH SANCHEZ, | |
| Plaintiff, | 23-CV-11156 (JPO) |
| -against- | ORDER OF SERVICE |
| NEW YORK CITY DEPARTMENT OF EDUCATION, | |
| Defendant. | |

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Americans with
Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Family and Medical Leave Act of 1993
("FMLA"), 29 U.S.C. §§ 2601-2654; the New York State Human Rights Law, N.Y. Exec. Law
§§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.
Plaintiff alleges that her employer discriminated and retaliated against her based on her disability
and failed to provide accommodation for her disability. By order dated January 12, 2024, the
Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without
prepayment of fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on
the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123
n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have served the summons and complaint until the Court reviewed the complaint
and ordered that a summons be issued. The Court therefore extends the time to serve until 90
days after the date the summons is issued.

1

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant New York City Department of Education

through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals

Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of

Court is further instructed to issue a summons and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon the defendant.

If the complaint is not served within 90 days after the date the summons is issued,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service).

Plaintiff must notify the Court in writing if her address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons as to Defendant New York City

Department of Education, complete the USM-285 form with the address for this defendant, and

deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   January 16, 2024
         New York, New York

_____
             J. PAUL OETKEN
          United States District Judge

2

## DEFENDANT AND SERVICE ADDRESS

New York City Department of Education
65 Court Street
Brooklyn, N.Y. 11201